BWB:AES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 M 748**

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

ZEPHANIAH DANTZLER,

        Defendant.

- - - - - - - - - - - - - - - - X

COMPLAINT AND AFFIDAVIT IN
SUPPORT OF ARREST WARRANT
(T. 18, U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

    DAVID JOEL, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), Gun Enhancement Unit, duly appointed according to law and acting as such.

    Upon information and belief, on or about August 4, 2012 within the Eastern District of New York, the defendant ZEPHANIAH DANTZLER, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a Ruger, 9mm caliber pistol.

    (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. My information in this case comes from reviews of records of the New York City Police Department ("NYPD") and other Government agencies, and conversations with NYPD officers.

2. On August 4, 2012, at approximately 1:07 p.m., the 911 dispatcher received a call from a woman ("CW"). CW informed the 911 dispatcher that she resided at 255 Martense Street, Apartment 6, in Brooklyn, New York, with defendant ZEPHANIAH DANTZLER. She stated that she was currently at that address; that she and the defendant had gotten into a dispute; and that the defendant had a gun. CW requested the assistance of the police.

3. NYPD Officers Patrick Enriquez and Omayemi Gatling of the 67th precinct in Brooklyn, New York, were on patrol near 255 Martense Street. The officers responded to the call and met CW in front of the building, where CW reiterated that she had gotten into a dispute with the defendant and that he had a gun. Ms. Muniz further stated that the defendant was in the residence taking a shower, and that the gun was on the bed. CW then let the officers into the apartment and identified for them the

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

bedroom containing the gun. As the officers approached the bedroom, the defendant came out of the bedroom, and the officers arrested him.

3. Following the arrest of defendant ZEPHANIAH DANTZLER, Officer Enriquez remained with the defendant while Officer Gatling went into the bedroom from which the defendant had emerged. Officer Gatling found a loaded gun on top of the bed, which was identified as a Ruger, 9mm caliber pistol. Officer Gatling showed the gun to the defendant, who admitted that it was his gun; the defendant further stated that he had planned to bring it to the police precinct. Officer Enriquez subsequently recovered three .38 caliber rounds from a shelf in the bedroom.

4. The defendant ZEPHANIAH DANTZLER was taken for processing to the 67th precinct in Brooklyn, New York. NYPD Detective Brian Ujavary, a member of the Gun Enhancement Unit, met the defendant at the precinct and administered Miranda warnings to the defendant. The defendant waived his Miranda rights, and proceeded to make statements to Detective Ujavary, including that the 9mm Ruger recovered from the bedroom belonged to him.

8. I have reviewed the defendant ZEPHANIAH DANTZLER's criminal history records and have determined that the defendant

was convicted on January 31, 2007, in a New York State court, the Supreme Court of the County of Kings, New York, of robbery in the first degree, N.Y. Penal § 160.15, a class B felony, which is a crime punishable by a term of imprisonment of more than one year. The defendant was also convicted on January 11, 2007, in a New York State court, the Supreme Court of the County of Queens, New York, of a separate count of robbery in the first degree, N.Y. Penal § 160.15, a class B felony, which is a crime punishable by a term of imprisonment of more than one year.

9. I have spoken with an interstate nexus expert with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), who has advised me that the above-mentioned Ruger, 9mm caliber pistol was manufactured outside the State of New York.

5

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant ZEPHANIAH DANTZLER so that he may be dealt with according to law.

_____
DAVID JOEL
Detective
New York Police Department

Sworn to before me this
9th day of August, 2012
_____

| THE HON | RENSTEIN |
| UNITED | ATE JUDGE |
| EASTERN | EW YORK |